■ In the Matter of George Connolly, Respondent-Appellant, v Raymond Kelly, as Police Commissioner of the City of New York, et al., Appellants-Respondents. [624 NYS2d 24] —Order, Supreme Court, New York County (Joan B. Lobis, J.), entered November 3, 1993, which *inter alia,* granted the petition to the extent of remanding the matter to the respondent Police Department for the reinstatement of the petitioner so that he can be restored to eligibility for consideration of disability retirement benefits, unanimously affirmed, without costs.

Under the circumstances, respondents' failure to inform petitioner, prior to his termination, that his "line-of-duty" injury was so severe that he would be unable to return to full duty status amounts to bad faith termination since petitioner was thereby effectively precluded from applying for disability retirement benefits *(Matter of Bellman v McGuire,* 140 AD2d 262). Indeed, not only does the record reflect that petitioner was unaware that his injury was permanently disabling, respondent Police Department continued to provide him with rehabilitation therapy up to the date of his termination.

We find petitioner's cross-appeal to be without merit. Concur—Sullivan, J. P., Wallach, Asch, Nardelli and Williams, JJ.